```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 1/3/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MARIA MAGADELENA SANTIAGO,

                                    Plaintiff,

                -against-

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

-------------------------------------------------------X

**20-CV-11104 (VF)**

<u>**OPINION & ORDER**</u>

**VALERIE FIGUEREDO, United States Magistrate Judge**

        On December 16, 2021, this case was remanded to the Commissioner of Social Security ("Commissioner") pursuant to "sentence four" of 42 U.S.C. § 405(g) to conduct further administrative proceedings. ECF Nos. 24-25. On March 14, 2022, Plaintiff filed a motion for attorneys' fees in the amount of $13,753.20 for 62.8 hours spent litigating this action, including the instant application, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d).[1] ECF Nos. 26-28. On May 9, 2022, the Commissioner opposed Plaintiff's motion. ECF No. 35. The Commissioner does not (1) oppose the hourly rate requested; (2) dispute that Plaintiff was a prevailing party; or (3) challenge the timeliness of the motion. Instead, the Commissioner argues that counsel is seeking fees for an excessive and unreasonable number of

---

[1] More specifically, Plaintiff's counsel performed 58.9 hours of work on the merits of Plaintiff's case and spent 3.9 hours preparing the instant application for fees. <u>See</u> ECF No. 28 at 5.

hours. Id. at 2-6. The Commissioner contends that the complexity of the case required no more than 40 hours of time. Id.

On June 4, 2022, Plaintiff filed her reply brief, arguing that counsel had adequately justified expending more than 40 hours of time on this case. ECF No. 36 at 6-9. Plaintiff also increased the request for attorneys' fees to $14,585.40, accounting for an additional 3.8 hours of time spent on the reply brief, for a total request of 66.6 hours. See ECF No. 37. I have reviewed the motion and find that Plaintiff is entitled to attorneys' fees and that the fee amount sought is reasonable. Accordingly, Plaintiff's motion is **GRANTED**.

The EAJA authorizes the payment of fees in an action against the United States. Eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Commissioner v. Jean, 496 U.S. 154, 158 (1990) (quoting the EAJA); see generally Gomez-Beleno v. Holder, 644 F.3d 139, 144-45 (2d Cir. 2011) (applying Jean). All four factors are satisfied here.

First, Plaintiff is a prevailing party and the Commissioner does not contend otherwise. The Supreme Court has held that a remand under "sentence four" of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for status as a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party."); Torres v. Barnhart, No. 02-CV-9209 (AJP), 2007 WL 1810238, at *8 (S.D.N.Y. June 25, 2007) (Plaintiff "became the prevailing party when he succeeded in having his case

remanded to the agency."). On December 16, 2021, the Court remanded this case pursuant to "sentence four" of 42 U.S.C. § 405(g) for further administrative proceedings. ECF Nos. 24-25. No objections were raised to the order, and it has not been appealed. Plaintiff is thus a prevailing party.

Regarding the second factor, "[t]he Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Commissioner does not contest this point and concedes that Plaintiff is entitled to her reasonable attorneys' fees. See Vellone v. Kijakazi, No. 20-CV-261 (RA) (KHP), 2022 WL 276842, at *2 (S.D.N.Y. Jan. 31, 2022), report and recommendation adopted, 2022 WL 464303 (S.D.N.Y. Feb. 15, 2022) (finding that the burden was not met where the Commissioner did not contest that its position was substantially justified and conceded that plaintiff was entitled to her reasonable attorneys' fees).

Third, the Court defers to Plaintiff's counsel's representations that there are no "special circumstances" that weigh against an EAJA award. ECF No. 28 at 5. Similarly, the Court defers to counsel's representations that Plaintiff qualifies for an award of fees because her net assets are less than two million dollars. Id. at 2-3 n.1 (noting that Plaintiff successfully applied to proceed in forma pauperis (see ECF No. 6)); see also 12 CFR § 1071.103(b).

Finally, Plaintiff's motion for attorneys' fees was timely filed. Under 28 U.S.C. § 2412(d)(1)(B), an application for fees must be filed within 30 days from the entry of final judgment. The "final judgment" referred to in the EAJA arises—and the 30-day period for an

EAJA fee applications begins—when the Commissioner's time to appeal the final judgment expires. See Tamburri v. Berryhill, No. 16-CV-5784 (PKC), 2018 WL 1175141, at *1 (E.D.N.Y. Mar. 5, 2018). Where a court affirms, modifies, or reverses an administrative decision in accordance with sentence four of 42 U.S.C. § 405(g), that constitutes a "final judgment," which triggers the EAJA filing period. Id. (citing Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991)). Here, the Court entered final judgment in Plaintiff's favor on December 16, 2021. ECF Nos. 24-25. Plaintiff then filed the instant motion (ECF No. 26) on March 14, 2022, within the period allotted for an application of EAJA fees.[2]

Turning to whether the fee award is reasonable, the EAJA provides that the "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cost of living increases since 1996, when the $125 rate was set, can justify a fee greater than $125 per hour. See Garcia v. Comm'r of Soc. Sec., No. 20-CV-7201 (AEK), 2022 WL 1684280, at *1 (S.D.N.Y. May 26, 2022). Here, accounting for inflation, Plaintiff requests an hourly rate of $219. See ECF No. 28 at 6.

---

[2] The date of entry of judgment starts the 60-day period for the Commissioner to appeal the case. Fed. R. App. P. 4(a)(1)(B). After the expiration of the 60 days, a plaintiff then has the 30 days specified by the EAJA to file an application for fees. Shalala, 509 U.S. at 302. Here, the 60-day period for the Commissioner to appeal ended on February 14, 2022. On March 14, 2022, Plaintiff's counsel filed this fee application, within the subsequent 30-day period, which expired on March 16, 2022.

Plaintiff's counsel spent 58.9 hours working on this case over the span of one year, from December 2020 through December 2021. ECF No. 27 at 2-4. During that time, counsel reviewed the Administrative Law Judge's decision, reviewed the administrative record, prepared Plaintiff's *in forma pauperis* application, researched new administrative developments (including the revised regulations reforming the "treating physician rule"), and drafted Plaintiff's brief in support of the motion for judgment on the pleadings. Id. Counsel has since spent 7.7 hours on briefing the instant fee motion. See ECF No. 37. In total, Plaintiff's counsel is seeking an award of $14,585.40—comprised of $12,899.10 for the case itself, $854.10 on the opening memorandum in support of the fee motion, and $832.20 on the reply memorandum. Id.

A determination of reasonable attorneys' fees is a matter committed to the sound discretion of the trial court. See Purdue v. Kenny A., 559 U.S. 542, 558 (2010). A district court "need not . . . scrutinize[ ] each action taken or the time spent on it." Aston v. Sec'y of Health & Hum. Servs., 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted). The time spent litigating a fee application is also compensable. See Black v. Nunwood, Inc., No. 13-CV-7207 (GHW), 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 3, 2015). In making the determination, the Court evaluates whether the number of hours expended was reasonable given the issues and nature of the case, as well as whether the proposed rate is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433, 437-438 (1983). The fee applicant bears the burden of establishing the reasonableness by, among other things, providing an itemized statement of hours spent on case-related work. See id.; Cutajar v. Comm'r of Soc. Sec., No. 19-CV-5569 (SDA), 2020 WL 2999232, at *3-*4 (S.D.N.Y. June 4, 2020). Here, Plaintiff's counsel submitted itemized records for his fees. ECF No. 27 at 2-4.

5

As for the proposed rate, Plaintiff's request for an hourly rate of $219 is reasonable. The Commissioner does not contest the hourly rate. <u>See</u> ECF No. 35. And the proposed rate is in line with the rates approved in this District. <u>See</u> <u>Vellone</u>, 2022 WL 276842, at *2 (approving hourly rate of $220.38 for plaintiff's counsel); <u>Afriyie v. Comm'r of Soc. Sec.</u>, No. 19-CV-4635 (JLC), 2021 WL 1178579, at *5 (S.D.N.Y. Mar. 30. 2021) (approving rate of $205 per hour, "consistent with other decisions in this District approving similar rates.").

Further, the amount of hours expended by Plaintiff's counsel on this case is also reasonable, despite the Commissioner's arguments to the contrary. The Commissioner objects to the 58.9 hours that counsel spent on the merits of the case. <u>See</u> ECF No. 35 at 2-6. The Commissioner argues that an award of fees for 40 hours of work is appropriate because (1) the case did not involve novel or unusually complex factual or legal issues such that a departure from the "standard range of 20 to 40 hours" is warranted; (2) Plaintiff's counsel has experience in Social Security cases and represented Plaintiff in her appeal to the Appeals Council of the Social Security Administration; and (3) the administrative record (comprising 1,535 pages) did not justify an award of over 40 hours as no reply brief was necessary in this case. <u>Id.</u> at 2-5.

Although the Commissioner correctly notes that fees for 20 to 40 hours of work is the typical range of fees awarded in a social security case, a "larger award may be reasonable where a case is not routine because of 'the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts.'" <u>Forrest v. Colvin</u>, No. 15-CV-1573 (KPF), 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016) (quoting <u>Stewart v. Comm'r of Soc. Sec.</u>, No. 12-CV-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)); <u>see also</u> <u>Santiago v. Comm'r of Soc. Sec.</u>, No. 19-CV-4001 (KPF) (KNF), 2020

6

WL 7335310, at *7 (S.D.N.Y. Dec. 14, 2020). The "suggested '20-40 hours' benchmark was based on the first set of cases decided under the EAJA," and that "district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours expended by the plaintiff's counsel are excessive." Morales v. Comm'r of Soc. Sec., No. 10-CV-8773 (GBD) (KNF), 2021 WL 1736920, at *2 (S.D.N.Y. May 3, 2021). Indeed, district courts in this Circuit have "not hesitated . . . to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant[ ] such an award." Stewart, 2014 WL 2998530, at *3 (internal citation and quotation omitted). Larger awards have been found reasonable when "the factual, substantive, and procedural complexity of the case" and "the efficacy of the attorney's efforts" are taken into consideration. Id.

Plaintiff's counsel has identified several reasons why this case required more hours of work than the average social security case. First, counsel notes that the 1,535-page record involved numerous conditions, which counsel focused on in preparing Plaintiff's motion for judgment on the pleadings (including degenerative joint disease of the lumbar and cervical spines, migraine headaches, major depressive disorder, post-traumatic stress disorder, anxiety, and panic disorder with agoraphobia), as well as additional conditions not focused on in the brief (namely, arthritis of the right knee, carpal tunnel syndrome, irritable bowel syndrome, diverticulitis, and gastroesophageal reflux disease). ECF No. 27 at 4-5. Counsel explains that he reviewed the record in detail, and concluded which conditions were less significant and would be an "unnecessary distraction," which "took considerable time." Id. at 5.

Second, counsel explains that the legal issues in this case were novel and complex due to the Commissioner's abrogation of the treating physician rule, and that Plaintiff's case was

counsel's "first to reach district court under the new legal paradigm." Id. According to counsel, this required him to devise a new approach, which involved significant legal research and writing. Id. The case also involved a "borderline age" situation, which was "somewhat novel" for counsel. Id. All of this necessitated counsel's request to exceed the Court's 25-page limit for initial briefs. See ECF No. 19. Counsel ultimately filed a 31-page opening brief. See ECF No. 22.

The complexity and size of the 1,535-page record, the then-recent abrogation of the treating physician rule, and the efficacy of counsel's efforts all support counsel's expenditure of 58.9 hours of time in this case. Moreover, even though no reply brief was required by counsel, the number of hours expended was still reasonable, given the other complexities identified. See Patterson v. Comm'r of Soc. Sec., No. 20-CV-4591 (SN), 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021) (concluding that 53.60 hours of time was reasonable, despite that no reply brief was required by plaintiff's counsel, because of "the procedural complexity of the case and the size of the [more than 1,200-page] administrative record, as well as the efficacy of the attorneys' efforts"); Afriyie, 2021 WL 1178579, at *5 (finding "57.7 hours for the attorney time in this Court, 3.5 hours on the fee application, and 9.8 hours on the reply papers" to be justified); Morales, 2021 WL 1736920, at *2 (awarding fees for 73.6 hours of work).

The Commissioner also points to counsel's experience as a basis for finding that counsel should have expended less hours on this case. See ECF No. 35 at 5. The Court, however, is "precluded from either compensating or penalizing an attorney for her [or his] expertise in litigating." Sava v. Comm'r of Soc. Sec., No. 06-CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (citing Smith v. Astrue, No. 10-CV-0053 (GTS/VEB), 2012 WL

8

3683538, at *2 (N.D.N.Y. Aug. 24, 2012)). Further, courts in this District have rejected the notion that experience alone justifies a reduction in the hours requested. See, e.g., Daily v. Comm'r of Soc. Sec., No. 18-CV-1080 (AT) (KNF), 2020 WL 1322528 (S.D.N.Y. Mar. 19, 2020) (rejecting argument that hours should be reduced based in part on argument that plaintiff's counsel had over 30 years of experience in Social Security law). Although Plaintiff's counsel is an experienced practitioner in this area of the law, his experience would not have substantially reduced the time necessary to review the record, synthesize the information into a comprehensive statement of facts, and craft persuasive legal arguments. See Vellone, 2022 WL 276842, at *4. And, even if Plaintiff's counsel was familiar with the case from representing Plaintiff in the administrative proceedings, that did not eliminate the need to review the official record for purposes of drafting the complaint and preparing the motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for fees in the amount of $14,585.40 is **GRANTED**.

    **SO ORDERED.**

    Date: January 3, 2023
    New York, New York

    _____
    VALERIE FIGUEREDO
    United States Magistrate Judge

9